Marc–Elie **CLERGEAU**, Plaintiff–Appellee–Cross–Appellant,

v.

**LOCAL 1181, AMALGAMATED TRANSIT UNION, AFL–CIO and United Pupil Management, Inc., doing business as United Transit Inc. Defendants–Appellants–Cross–Appellees.**

No. 04–3634–cv.

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Noah A. Kinigstein, New York, NY, for
Plaintiff–Appellee–Cross–Appellant.

Thomas Rubertone, Haydon, Straci &
Cooper, LLP, New York, N.Y. (Bruce J.
Cooper, Norman Turk, on the brief), for
Defendants–Appellants–Cross–Appellees.

Present:  JOSEPH M. McLAUGHLIN,
ROSEMARY S. POOLER, and B.D.
PARKER, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants-cross-appellees Local 1181, Amalgamated Transit Union AFL–CIO ("the union") and United Pupil Management Inc., d/b/a United Transit Inc. ("United"), (collectively, "defendants") appeal from a March 3, 2004, decision of the United States District Court for the Eastern District of New York (Garaufis, J.) denying their Fed.R.Civ.P. 50 and 59 motions as untimely. They also appeal to set aside a punitive damages award of $7,500.00 in favor of Plaintiff-appellee-cross-appellant Marc–Elie Clergeau ("Clergeau"). Defendants similarly appeal the district court's award of attorneys' fees and prejudgment interest to Clergeau. Clergeau cross appeals the district court's denial of its motion for reinstatement with back or front pay. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ Clergeau successfully brought an action against defendants pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendants filed motions pursuant to Fed.R.Civ.P. 50 and 59. Fed.R.Civ.P. 50(b) states that "a movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed.R.Civ.P. 59 contains a similar ten-day deadline both for filing a motion for a new trial, Fed. R.Civ.P. 59(b), and for filing a motion to alter or amend a judgment, Fed R. Civ. P. 59(e). Defendants did not comport with these deadlines, which are jurisdictional, therefore the district court correctly dismissed the motions as untimely. "Thus, even if the District court extended the time in which the movant could make the motion, any reliance on that extension 'is flawed'" because it fails to recognize the jurisdictional limits inherent in the Rules' deadlines. *Weissman v. Dawn Joy Fash-*

*ions, Inc.*, 214 F.3d 224, 230 (2d Cir.2000) (internal citations omitted).

Despite this waiver, we may nevertheless order a new trial if permitting the verdict to stand would result in a manifest injustice. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1347 (2d Cir.1993). Such manifest injustice occurs when a jury's verdict wholly lacks legal support. *Pahuta v. Massey–Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir.1999). Defendants, however, have failed to meet this burden in a manner sufficient to overcome waiver except as to the district court's award of punitive damages.

■ Defendants waived their appeal of punitive damages, *see Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella*, 350 F.3d 73, 87–88 (2d Cir.2003) (refusing to overturn punitive damages award because argument was waived), but this may be overcome by manifest injustice. Applying this standard, the punitive damages award of $7,500.00 from the union must be reversed. As the Supreme Court has clearly held, "[punitive] damages may not be assessed against a union that breaches its duty of fair representation by failing properly to pursue a grievance." *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 52, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). According to the Supreme Court, "general labor policy disfavors punishment, and the adverse consequences of punitive damages awards could be substantial." *Id.* Because such an award violates Supreme Court precedent, it is wholly lacking legal support. We therefore vacate it.

■ Defendants also argue that the award of attorneys' fees was inappropriate. "[R]ecovery of attorneys fees has been allowed or considered where the litigation had the potential to confer a common benefit on the members of an ascertainable

class or group." *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1158 (2d Cir.1994). This is true in suits for breach of the duty of fair representation because "it is apt to encourage unions to more zealously represent employees' interests." *Id.* at 1159. As the district court correctly noted, it has broad discretion in determining and awarding reasonable attorneys' fees. *Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir.1997). The district court thus did not abuse its discretion in awarding Clergeau these fees.

Defendants also contend that the district court lacked the ability to award Clergeau prejudgment interest. This argument is untenable. As we have clearly stated, "[a]n award of prejudgment interest in a section 301 action is within the discretion of the trial judge." *Cruz,* 34 F.3d at 1161. Indeed, 'it is ordinarily an abuse of discretion *not* to include prejudgment interest in a back-pay award.' *Id.* (quoting *Clarke v. Frank,* 960 F.2d 1146, 1154 (2d Cir.1992) (emphasis in original)). Therefore, we affirm the district court's award of prejudgment interest.

We also affirm the district court's decision dismissing Clergeau's claim for injunctive relief. Clergeau argues that in denying injunctive relief, the district court ignored the jury's verdict, which implicitly found that Clergeau could not obtain a unionized job. We have held that "[w]hen two claims asserted by the same plaintiff are tried together and one is to be decided by the jury and the other by the judge, principles of collateral estoppel prevent the judge from making findings of fact contrary to those of the jury." *Le–Blanc–Sternberg v. Fletcher,* 67 F.3d 412, 432 (2d Cir.1995). However, *Le–Blanc–Sternberg* is inapplicable to this case. In the instant case, the judge's factual findings covered

the time-frame *after* the jury's verdict, thus they did not necessarily conflict with the jury's findings regarding Clergeau's ability to find unionized work up until its verdict. We therefore affirm the district court's denial of Clergeau's motion for injunctive relief.

We have considered all other issues raised on appeal and find them without merit.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **VACATED** and **REMANDED** as to punitive damages and **AFFIRMED** in all other respects.